# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| NORAH FLAHERTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KENVUE BRANDS LLC,<br><br>Defendant.* | No. 20-cv-07255<br><br>Judge John F. Kness |

## MEMORANDUM OPINION AND ORDER

Plaintiff's first amended class action complaint (FAC) contends that Defendant defrauded her and similarly situated individuals by labeling its oil-containing skincare products as "oil-free." (Dkt. 33.) Defendant moves to dismiss the FAC for failure to state a claim and moves to strike the nationwide class allegations. (Dkt. 50.) As explained below, Plaintiff lacks standing to bring claims related to products she did not buy; those claims are therefore dismissed without prejudice. And because Plaintiff did not (as required by state law) provide pre-suit notice of her claim to Defendant, Plaintiff's claim for breach of express warranties (Count IV) is also dismissed without prejudice. But Plaintiff's other claims and nationwide class allegations survive the motion to dismiss.

---

\* Kenvue Brands LLC was substituted for Johnson & Johnson Consumer, Inc., as Defendant. (Dkt. 66.) The Clerk of Court is directed to update the case caption to reflect this substitution.

## I.     BACKGROUND

In her FAC, Plaintiff alleges that Defendant advertised at least thirty oil-containing skincare products as "oil-free." (Dkt. 33 ¶ 8.) Plaintiff bought only two of the products: Neutrogena Clear Face Oil-Free Sunscreen and Clean and Clear Dual Action Moisturizer. (*Id.* ¶¶ 11–12.) Plaintiff bought the products because they were labeled as oil-free and would not have bought them if she had known they had oils. (*Id.* ¶¶ 13, 16.) Plaintiff prefers oil-free products because she does not like the way oil feels on her skin, she is concerned that oils in her cosmetics and skincare products will cause acne, and she does not like her face's shiny appearance when she uses oil-based products, among other reasons. (*Id.* ¶ 17.) Plaintiff interprets "oil-free" to mean that the product is free of oils and does not have any ingredient that has all of the following qualities: is liquid at room temperature, is more viscous but less dense than water, does not mix with water, and is slick or slippery to the touch. (*Id.* ¶ 19.)

Plaintiff brings claims on behalf of herself and two purported classes: (1) a nationwide class of persons in the United States who bought the products during a specified time period; and (2) a subclass of persons in Illinois who bought the products during a specified longer time period. (*Id.* ¶¶ 75–76.) Plaintiff asserts four counts: (I) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.*; (II) common-law fraud; (III) unjust enrichment; and (IV) breach of express warranties. (*Id.* ¶¶ 89–114.) Defendant moves to dismiss the FAC for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and moves to strike the nationwide class allegations. (Dkt. 50.) Plaintiff

2

responded on the merits and also requests leave to amend her complaint if her claims are dismissed. (Dkt. 54.)

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. Although factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## III.    DISCUSSION

### A.    No Standing for Unpurchased Products

Plaintiff brings claims regarding thirty named products (and an unspecified number of unnamed products), only two of which she bought. Defendant moves to dismiss the claims with respect to products Plaintiff did not buy because Plaintiff does not allege an injury regarding those products as required for Plaintiff to show standing under Article III of the Constitution.

Federal courts are limited in their jurisdiction to hear only certain "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To present a justiciable case or controversy at the pleading stage, the complaint must allege facts sufficient to establish that the plaintiff has "standing." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To satisfy the standing requirement, the complaint must allege an injury in fact, a causal connection between the injury and complained-of conduct, and a likelihood that the injury will be redressed by a favorable decision. *Id.*

Plaintiff does not allege that she was personally injured by the marketing for products that she did not buy, so she does not have standing to bring claims regarding those products. A named plaintiff may not "piggy-back on the injuries of the unnamed class members" because "a person cannot predicate standing on injury which he does not share." *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). A plaintiff thus "lacks standing to pursue a deceptive marketing claim regarding a product she did not purchase." *Flaherty v. Boots Retail USA, Inc.*, No. 21 C 2759, 2021 WL 12333262, at *2 (N.D. Ill. Dec. 19, 2021) (plaintiff lacked standing for unpurchased

4

products based on "oil-free" labeling allegations substantially identical to those presented here).

Plaintiff points to several decisions from this district to argue that a class-action plaintiff may bring claims related to unpurchased products if the products are substantially similar to products that the plaintiff bought. *See, e.g.*, *Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *6 (N.D. Ill. Aug. 18, 2017); *Mednick v. Precor, Inc.*, No. 14 C 3624, 2014 WL 6474915, at *3–4 (N.D. Ill. Nov. 13, 2014). But those decisions did not apply *Lujan*'s injury-in-fact requirement or *Payton*'s warning against piggy-backing standing on unnamed class members. Plaintiff has not alleged an injury regarding the unpurchased products, so she lacks standing to bring claims with respect to them. Plaintiff's claims with respect to products that she did not buy are therefore dismissed without prejudice.

### B.    ICFA and Common-Law Fraud

Plaintiff alleges that Defendant violated the ICFA by falsely labeling the products as oil-free when they contained oils. (*See* Dkt. 33 ¶ 93.) To state a claim under the ICFA, Plaintiff must allege that Defendant "committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019)). Defendant argues that Plaintiff has not adequately pleaded deception or actual damages.

### 1. Deception

To adequately plead deception for an ICFA claim, Plaintiff must allege conduct that has a capacity to deceive a reasonable consumer. *See id.* Defendant argues that the reasonable-consumer standard applies also to common-law fraud claims. The Court assumes without deciding that Defendant is correct on that point because, whether or not the standard applies, Plaintiff adequately pleads that Defendant misled reasonable consumers by labeling the products "oil-free."

Defendant contends that Plaintiff does not allege what "oil-free" means to reasonable consumers, but the FAC shows otherwise. Plaintiff alleges that she, "like any reasonable consumer, understands oils to be substances that look, feel, and interact with water the way common oils, such as olive oil, vitamin e [sic] oil, or castor oil do," and that "Plaintiff expected that when she bought oil-free products they would not contain any substances that can be characterized as oils based on the way they look, feel, and interact with water." (Dkt. 33 ¶ 20.) To further clarify which substances are at issue, Plaintiff lists each product's ingredients that she alleges are oils. (*See id.* ¶ 8.) Plaintiff alleges that these ingredients "are substances that a reasonable consumer would not expect to be in products labeled as oil-free." (*Id.* ¶ 31.) These allegations, when read together with the allegations about Defendant's conduct, state a plausible ICFA claim. *See Flaherty*, 2021 WL 12333262, at *1 (holding that substantially identical allegations about another product stated ICFA claim).

Defendant also argues that Plaintiff's pleading is inadequate because her characterizations of oils are inconsistent throughout the FAC. Defendant argues that

6

the allegation that octocrylene, which is denser than water, is an oil (*id.* ¶ 41) contradicts the allegation that the chemical functional groups that Plaintiff lists as oils "can be generally characterized by . . . being less dense than water" (*id.* ¶ 30). There is no inconsistency: the allegation in paragraph 30 is about the *general* characterization of oils, and the Court reads that language, as it must, it in Plaintiff's favor to mean that not all oils necessarily have that characteristic.

### 2. Actual Damages

To plead damages for an ICFA or common-law fraud claim, Plaintiff must allege that she suffered pecuniary harm. *See Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (ICFA); *Giammanco v. Giammanco*, 625 N.E.2d 990, 1000 (Ill. App. Ct. 1993) (common-law fraud). Defendant contends that Plaintiff was required to allege that, had she known that Defendant's products were mislabeled, she would have purchased oil-free products that were cheaper than Defendant's products or would not have purchased equivalent products at all. But Plaintiff may satisfy the damages requirement by pleading that the products she bought were worth less than what they would have been worth if they were oil-free. *See Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 990 (N.D. Ill. 2013); *Giammanco*, 625 N.E.2d at 998.

This diminution in value is also called deprivation of the benefit of the bargain. *See Muir*, 983 F. Supp. 2d at 990; *Giammanco*, 625 N.E.2d at 998. Plaintiff alleges that, as a result of Defendant's deception, she was "misled into purchasing products that did not provide her with the benefit of the bargain she paid money for, namely that Defendant's oil-free products would actually be oil-free." (Dkt. 33 ¶ 28.) By

7

alleging deprivation of the benefit of the bargain, Plaintiff pleads actual damages. *See Flaherty*, 2021 WL 12333262, at *1 (substantially identical allegations sufficed to plead actual damages for fraud claims).

### C.    Unjust Enrichment

Under Illinois law, unjust enrichment is not a separate cause of action, but a party may seek restitution when unjust enrichment results from fraud or other unlawful conduct. *Vanzant*, 934 F.3d at 739. The parties agree that the request for relief based on unjust enrichment rises or falls with the fraud claims. Because the fraud claims survive, so does the request for restitution based on unjust enrichment.

### D.    Breach of Express Warranties

Defendant moves to dismiss the claim for breach of express warranties because Plaintiff fails to allege that she notified Defendant of the alleged breach as required by Illinois law. Under the Commercial Code of Illinois, a buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a). But the buyer need not directly notify the seller if (a) the seller already has actual knowledge of the defect of the particular product; or (b) a consumer plaintiff suffers a personal injury. *See Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589–91 (Ill. 1996).

Defendant contends that Plaintiff does not allege direct notice, actual knowledge, or personal injury. Because Plaintiff did not respond to Defendant's arguments on direct notice or personal injury, Plaintiff has waived those two lines of

argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Plaintiff does, however, argue that her allegations that Defendant actually knew that the products contained oils (because, for example, Defendant employs professional chemists to create the products) suffice to plead actual notice. Under *Connick*, a manufacturer has actual knowledge of a buyer's breach claim "only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." 675 N.E.2d at 590. As the Illinois Supreme Court has reiterated, "[t]he notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Id.* (quoting *Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d Cir. 1925)). Plaintiff does not allege that Defendant knew of her particular claim of breach, so her actual-knowledge argument fails.

In addition to arguing actual knowledge, Plaintiff argues that consumer plaintiffs in class actions are not required to notify defendants before bringing breach of warranty claims; instead, Plaintiff says, class action consumer plaintiffs must provide notice only after the court determines that the named plaintiffs are adequate class representatives under Rule 23(a)(4) of the Federal Rules of Civil Procedure. Plaintiff cites only *In re Amla Litigation* for this proposition, but that case interpreted the class-action-specific provisions of the Magnuson-Moss Warranty Act, which is not at issue here. 320 F. Supp. 3d 578, 596 (S.D.N.Y. 2018). Because Plaintiff has not

9

adequately pleaded that the notice requirement of section 2-607 is satisfied, her claim for breach of express warranties is dismissed without prejudice.

### E. Nationwide Class Allegations

Defendant moves to strike Plaintiff's nationwide class allegations because (a) the ICFA does not apply to transactions outside Illinois, and (b) a class action is inappropriate if the common law of every state is implicated because questions of law will vary among plaintiffs. Those may be appropriate concerns, but discovery could reveal that non-Illinois putative class members have the Illinois transactions necessary to invoke the ICFA, and discovery could winnow down the relevant states and result in homogenous common law that would be appropriate for a class action. *See, e.g., Flaherty*, 2021 WL 5299773, at *2 (declining to strike nationwide class allegations at pleading stage); *Flaherty v. Clinique Lab'ys LLC*, No. 21-cv-03447, 2021 WL 5299773, at *6–7 (N.D. Ill. Nov. 15, 2021) (same). Defendant's motion to strike the nationwide class allegations is therefore denied.

### F. Leave to Amend Complaint

Plaintiff requests leave to amend her complaint should the Court grant the motion to dismiss. Leave to amend should usually be granted at least once if the problem with the complaint is curable. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562

10

(7th Cir. 2010). Plaintiff's pleading defects may be curable; accordingly, Plaintiff is given leave to submit an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 50) is granted in part. Plaintiff's claims with respect to products that she did not buy and her claim for breach of express warranties (Count IV) are dismissed without prejudice; Plaintiff is given leave to submit an amended complaint. Defendant's motion to dismiss is otherwise denied, as is the motion to strike the nationwide class allegations.

SO ORDERED in No. 20-cv-07255.

Date: March 25, 2026

_____
JOHN F. KNESS
United States District Judge

11